**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PAMELA FELLS,

        Plaintiff,

vs.                                          Case No. 3:14-cv-230-J-32JRK

STATE FARM INSURANCE,

        Defendant.

_____

**ORDER**

In this case, pro se plaintiff Pamela Fells alleges that she was injured in March 2010 when the car in which she was a passenger was struck by another vehicle. Defendant State Farm Insurance[1] was the insurer of the other driver who was found to be at fault. Fells alleges that State Farm failed to acknowledge the seriousness of her injuries and refused to settle her claim for an amount that would cover her damages. Fells further alleges that State Farm has a history of bad faith claims administration and that its processes discriminate against minorities, people of color, females, and the elderly. See Second Amended Complaint, Doc. 20.[2]

---

[1] Defendant's proper name is State Farm Mutual Automobile Insurance Company. See Doc. 28 at 1.

[2] In her original complaint, filed on February 26, 2014, Fells also named a law firm and three health care providers as defendants, though she did not allege what they did. See Complaint, Doc. 1. When she amended her complaint, only State Farm remained as a named defendant. See Amended Complaint, Doc. 13 & Order, Doc. 14 (directing Clerk to terminate the other defendants). Fells did not name any new defendants in her Second Amended Complaint. See Doc. 20.

State Farm has moved to dismiss Fell's second amended complaint arguing that, to the extent Fells is attempting to bring a bad faith claim, that claim is barred under Florida law, both because she has failed to demonstrate that she first sued and obtained a judgment against the faulty driver and because such a claim would be untimely.  State Farm further contends that to the extent Fells is bringing a direct claim for third-party liability benefits, she has no standing to do so.  Finally, State Farm argues that to the extent Fells is raising a civil rights claim of discrimination, that claim too is barred because State Farm is not a state actor.  See Motion, Doc. 28.  Fells filed a response in opposition, essentially reiterating the statements in her second amended complaint without offering any legal basis to refute State Farm's arguments.  See Response, Doc. 32.

When ruling on a motion to dismiss, the Court reviews the complaint assuming that the facts as pled are true, and the Court construes those facts in the light most favorable to the plaintiff.  See Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[N]aked assertions devoid of further factual enhancement" are not enough.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  And, while the Court construes the filings of pro se parties more liberally than those filed by lawyers, this does not mean that the Court can rewrite plaintiff's filings to create a cause of action where one does not exist.  See Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Here, the Court must agree with State Farm.  Fells cannot bring a bad faith claim under Florida law without demonstrating that she has already obtained a judgment against

the driver State Farm insured in an amount that exceeds the policy limits. See Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla. 1994). Because she has not alleged that she has done so, she cannot bring a bad faith claim against State Farm.[3] Additionally, it would likely be too late to sue the driver now and pursue a bad faith claim against State Farm because Florida's statute of limitations for negligence claims would have expired four years after the accident, which occurred in March of 2010. See Fla. Stat. § 95.11(3)(a). Nor does Florida law allow an injured party to file a direct suit against the insurer of the negligent party; thus, Fells cannot sue State Farm to force it to pay her medical bills. See Fla. Stat. § 627.4136; see also, Allstate Ins. Co. v. Stanley, 282 F.Supp. 2d 1342, 1344 (M.D. Fla. 2003). Additionally, to the extent Fells is attempting to sue State Farm for discrimination in violation of her civil rights pursuant to 28 U.S.C. § 1983, that claim too must fail because State Farm is not a state actor amenable to suit under § 1983.[4] See West v. Atkins, 487 U.S. 42, 48 (1988).

---

[3]Given the other allegations of her pleadings, the Court has no reason to consider that Fells' failure to state that she has obtained a judgment against the faulty driver was a mere omission. Further, if she had a basis to do so, Fells could have corrected any misunderstanding and/or sought leave to further amend when she responded to the motion.

[4]Fells cites 28 U.S.C. § 1331 as support for her discrimination claim but that statute just provides the Court's jurisdiction over causes of action arising under the Constitution, laws, or treaties of the United States. It does not itself provide a cause of action. Based on her allegations, the Court (and State Farm) presumes Fells is attempting to state a claim pursuant to 28 U.S.C. § 1983. The Court alternatively considered whether Fells intended to rely on some other authority to support her claim, but since Fells is not State Farm's insured, and since Fells did not sue the driver who is State Farm's insured, the Court does not see how Fells can reach State Farm.

None of these claims can be cured by further amendment and the Court therefore must dismiss Fells' claims with prejudice.[5]  The Court recognizes that the unfortunate happenstance of being the passenger in a vehicle involved in an auto accident has left Fells in a very difficult situation, but her lawsuit against State Farm is not a remedy that the law allows.

Accordingly, it is hereby

**ORDERED**:

Defendant State Farm Mutual Automobile Insurance Company's Dispositive Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 28) is **GRANTED**.  Plaintiff Pamela Fells' Second Amended Complaint (Doc. 20) is **DISMISSED WITH PREJUDICE**.  The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of September, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
pro se parties

---

[5] Were the Court able to grant leave to amend, other deficiencies would have to be cured as well, such as allegations to support diversity jurisdiction.

4